SAXONY MILLS V. JOHN H. WAGNER ET AL.

[47 South. 899.]

1. ATTACHMENTS. *Nonresident defendants. Garnishments. Jurisdiction. Efforts to procure.*

The debtor of a nonresident cannot, without the consent and against the wishes of his creditor, deposit the sum due in a bank to the credit of a nonresident for the purpose and thereby confer jurisdiction of an attachment suit against the creditor on a court of the bank's domicile.

2. FOREIGN CORPORATIONS. *Process. Code* 1892, § 3433, *Laws* 1894, *ch.* 61, *p.* 49. *Doing business in state.*

A foreign trading corporation having no office or place of business in this state but employing a soliciting agent to obtain orders and send them to the home office, where they are filled by shipments direct to the purchasers, is not doing business in this state, within the meaning of Code 1892, § 3433, amended Laws 1894, ch. 61, p. 49, providing for the service of process on corporations; nor is its soliciting agent "an agent" upon whom process against it can be served.

FROM the circuit court of, second district, Yalobusha county. HON. SAMUEL C. COOK, Judge.

Wagner and others, copartners, doing business under the firm name Wagner & Company, appellees, were plaintiffs in the court below; the Saxony Mills, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

The opinion of the court states the facts.

*Kimmons & Kimmons,* for appellant.

No jurisdiction of the appellant was ever acquired, hence the judgment against appellant, and on which garnishment was issued, is void. Code 1892, § 133, fixes the jurisdiction of the court in attachment suits. The writ must be returnable to the

"court of a justice of the peace of any district, in cases within his jurisdiction, in which the defendant or property or debts of the defendant may be found." The appellant was a non-resident of the state, and had no property or business interests or debts owing it in Yalobusha county. The return of the constable shows that appellant was "not found" in the district. The service upon Reynolds, traveling salesman of appellant, could not give jurisdiction. The effort of Wagner & Company to create an indebtedness by depositing money in a local bank to the credit of the appellant, and obtain jurisdiction thereby cannot be countenanced. By an unbroken line of decisions, it is held that when a litigant seeks by fraudulent methods to acquire jurisdiction, his suit must fail. *Ball v. Sledge,* 82 Miss. 749, 35 South. 214; *Fenn v. Harrington,* 54 Miss. 733; *Griffin v. McDaniel,* 63 Miss. 121; *Ross v. Railroad Co.,* 61 Miss. 12.

In the cases above cited this court held that an honest belief on plaintiff's part that the amount in controversy was within the jurisdiction of the court, determined the jurisdiction; but the court also held, in each of the cases, that any effort on the part of plaintiff to evade jurisdiction of the court was fatal. And inasmuch as it was the evident purpose of the appellees, in the case at bar, by means of a subterfuge, to create conditions which would give the justice of the peace jurisdiction, the judgment of the court below must be reversed.

The service of process upon Reynolds, traveling salesman of appellant, conferred no jurisdiction, because it is undisputed that appellant was a foreign trading corporation having no office or place of business in the state, and employing Reynolds solely as a soliciting agent whose orders were sent to the home office of appellant in Missouri to be there filled by shipments directly to the purchasers. Under Laws 1894, ch. 61, p. 49, applicable to this case, appellant was not doing business" within the state of Mississippi, and the service of process upon Reynolds amounted to nothing in so far as any binding effect upon appellant was concerned. *St. Clair v. Cox,* 106 U. S. 350, 27 L. Ed.

222; *Insurance Co. v. Mansfield,* 45 Miss. 311; *Insurance Co. v. Holmes,* 75 Miss. 390, 23 South. 183; *Berger v. Pennsylvania Railroad Co.,* 9 L. R. A. (N. S.) 1214, note; *Maxwell v. Edens,* 65 Mo. App. 439; *Wilcox Supply Co. v. Masher,* 114 Mich. 64; *Rock Island Plow Co. v. Peterson,* 93 Minn. 356.

Certainly a mere soliciting agent employed by a foreign corporation which is not "doing business" in the state, cannot be held to be an "agent" of the corporation, within Laws 1894, ch. 61, p. 49. The word "agent," does not mean every man employed by the corporation, but refers to its principal officers exercising a controlling authority over its business. *Lake Shore, etc., Railroad Co. v. Hunt,* 39 Mich. 469; *Colt v. Sutton,* 102 Mich. 334.

*I. T. Blount,* for appellees.

A foreign corporation may be sued in this state, as an individual, when an agent of the corporation is found and served with appropriate process within the proper jurisdiction. Laws 1894, ch. 61, p. 49; Code 1892, § 3433; *Pullman Car Co. v. Lawrence,* 74 Miss. 782, 22 South. 53; *Illinois, etc., R. Co. v. Sanford,* 75 Miss. 868, 23 South. 355; *Georgia Home Ins. Co. v. Holmes,* 75 Miss. 390, 23 South. 183.

Aside from the service of process upon Reynolds, the writ of garnishment, served upon the Bank of Water Valley, gave the court jurisdiction inasmuch as the bank acknowledged having in its hands effects belonging to the Saxony Mills.

Our lawmakers have realized and recognized the necessity of requiring foreign corporations doing business in this state through agents here to submit to the jurisdiction of our state courts. Nowhere in our statutes is it required that a foreign corporation shall have a place of business here. The statute law relates "to the method of acquiring jurisdiction over such corporations here and holding them to answer here for the purposes of suit, judgment, executions, etc." *Illinois, etc., R. Co. v. Sanford, supra.*

FLETCHER, J., delivered the opinion of the court.

The appellant, a nonresident corporation, was sued in 1905 by the appellees in the court of Justice Mauldin at Water Valley for damages on account of a shipment of flour. The suit was by attachment, and in order that jurisdiction should attach it was necessary, under section 133 of the Annotated Code of 1892, that the defendant company "be found" in the justice's district or have property or debts in such district. It appears that Wagner & Co. were indebted to appellant in the sum of $832.50, and, for the evident purpose of conferring upon the justice of the peace jurisdiction of the attachment suit, Wagner & Co. deposited this sum of money in the Bank of Water Valley to the credit of the Saxony Mills, and thereafter sued out the attachment, alleging that the Bank of Water Valley was indebted to the Saxony Mills. The bank answered the writ of garnishment, stating that Wagner & Co. had made this deposit, which was still in the possession of the bank, but that the Saxony Mills repudiated the transaction, disclaimed any ownership of the fund, and declined to recognize the deposit. In addition to this procedure, the summons in attachment was served upon one Reynolds, a resident citizen of Water Valley, who was at the time a traveling salesman in the employ of the Saxony Mills. Reynolds seems to have accepted service and acknowledged that he was the agent of the appellant, and the officer so stated in his return. The appellant entered no appearance in the case, and judgment was taken in favor of Wagner & Co. as by default for the sum of $150, and the money in the bank was subjected to the payment of the judgment. It appears, however, that this fund was never so applied, but seems to have been paid to appellant. However that may be, it appears that in September, 1906, the judgment was unsatisfied, and upon suitable garnishment proceedings a debt due appellant by the Newburger Mercantile Company was sought to be subjected to the payment of the judgment. The sole defense interposed by the Saxony Mills is that the judgment rendered by Justice of the Peace Mauldin

in 1905 is void, because that court never acquired jurisdiction. The circuit court held that the judgment was not void, and gave judgment against the garnishee in favor of appellees, and the Saxony Mills prosecuted this appeal.

It is insisted by appellant that the act of Wagner & Co., in depositing the money in the bank to the credit of the Saxony Mills was unsanctioned by the appellant and that jurisdiction could not thereby be conferred upon the court. We agree with this contention and have no difficulty in concluding that one indebted to a nonresident cannot place money on deposit in a bank, in defiance of his creditor's wishes, for the purpose of conferring jurisdiction in attachment upon the court where the bank is located. This judgment must be upheld, if at all, upon the theory that the nonresident company had actually been served with process within the jurisdiction of the justice of the peace rendering the judgment. This matter, however, originated prior to the adoption of the present code. We are not aided, in determining this question, by the provisions of sections 919 and 920, of the Code of 1906, and chapter 123, p. 132, of the Laws of 1908. These new statutes, undertaking to define what shall constitute "doing business" within the state and who are to be deemed agents of foreign corporations for the purpose of process, are not now before us. The case at bar is governed by the general rules of law on the subject and by chapter 61, p. 49, of the Laws of 1894, which provides:

"If the defendant in any suit or legal proceeding be a corporation, process may be served on the president or other head of the corporation, upon the cashier, secretary, treasurer, clerk or agent of the corporation, or upon any one of the directors of such corporation; or if the corporation be a sleeping car company, upon any conductor thereof; or if a steamboat company, upon the captain or other officer of a boat thereof. If no such person or persons be found in the county, then it shall be sufficient to post a true copy of the process on the door of the office or principal place of business of the corporation. In suits against

railroads, sleeping car, telegraph, telephone, express, steamboat and insurance companies or corporations, or in suits against a re- ceiver or receivers in charge of the property of any such compan- ies or corporations, the process may be served on any agent of the defendant or sent to any county in which the office or principal place of business may be located, and there served as herein di- rected and authorized; or may be served on any one of the fore- going officers of such corporation or company, and upon the sec- retary, cashier, treasurer, clerk, depot agent, attorney or any other officer or agent of such receiver or receivers, or upon them in person. When any writ or process against such corporation, company, receiver or receivers has been returned executed, the defendant or defendants shall be considered in court, and the action shall proceed as actions against natural persons, and all process and notices to be served upon such companies, corpora- tions or receivers, may be served as herein directed."

It will thus be seen that the statute makes special reference to railroads, sleeping car, telegraph, telephone, express, steam- boat, and insurance companies; and provides for service of process upon such companies by serving any of their agents. It is clear that no difficulty can arise in such cases, because all such companies have offices in the state, pay taxes here, have important property interests which the law protects, and in most cases have made large and valuable investments within our borders. This is the class of corporations to which reference is made by Justice WHITFIELD in his concurring opinion in *Illinois, etc., R. Co. v. Sanford,* 75 Miss. 862, 23 South. 355, 942. But the appellant corporation does not fall within this class. It has no office or place of business in the state of Missis- sippi. It has its place of business elsewhere, and sends its trav- eling salesmen into this state, who take orders, which are trans- mitted to the home office and filled by shipment direct to the purchaser. The question is whether a court acquires jurisdic- tion of a case against such a nonresident corporation by serving process upon a traveling salesman. Is such an employee an

"agent" of the corporation within the meaning of the statute above quoted? It is well settled that a corporation like the appellant company cannot be held to be "doing business" within the state, in the absence of a statute enlarging the usual significance of this well-known expression. It is hardly necessary to cite authority in support of this conclusion, as there is no intelligent dissent among the authorities. See the exhaustive note to *Berger v. Pennsylvania R. R. Co.* (R. I.), 9 L. R. A. (N. S.) 1214.

It is equally well settled that, in the case of a corporation which is not "doing business" in this state, service of process upon a mere soliciting agent is not sufficient. Such an employee is not an agent of the corporation within the meaning of the statute. It is accurately stated by the Michigan court that the word "agent" in a statute like ours does not mean every man who is intrusted with a commission or employment, but designates the principal officers of the corporation, who either generally or in respect to some particular department of the corporate business have a controlling authority, either general or special. *Lake Shore & Michigan Southern Ry. Co. v. Hunt,* 39 Mich. 469. It is said again that statutes providing for service of process upon an "agent" of a corporation are to be construed "to include only agents vested with some general authority and discretion, and not to extend to mere employees having no independent powers." 19 Ency. Pl. & Pr. 676; *Fairbanks v. Cincinnati & C. R. Co.,* 54 Fed. 420, 4 C. C. A. 403, 38 L. R. A. 271.

It follows from these views that the justice's court was wholly without jurisdiction to render the original judgment, and the same is absolutely void. Such being the case, the writ of garnishment against the Newberger Mercantile Company should have been quashed.

*Reversed and remanded.*