CITY SALES AGENCY, INC., v. SMITH.

[88 South. 625, No. 21874.]

COMMERCE. *Sale of motor trucks by order through agent of foreign corporation resident in state held interstate commerce.*

Where two motor trucks are sold in this state by an order through an agent of a foreign corporation and such order was subject to acceptance, and was accepted by the foreign corporation at New Orleans, La., the transaction is in interstate commerce, and our statute against doing business in this state, section 935, Code of 1906, section 4111, Hemingway's Code, without first complying therewith by recording the charter, is not applicable to interstate commerce transactions; and this is true even though the soliciting agent resides in this state, and receives, delivers, and demonstrates the trucks to the purchaser and receives part cash with written security for the balance at a place within the state, because such application would be a restriction on interstate commerce contrary to the federal Constitution,

Appeal from chancery court of Simpson county.

HON. D. M. RUSSELL, Chancellor.

Suit by the City Sales Agency, Incorporated, against W. F. Smith, Jr. Decree for defendant, and complainant appeals. Reversed and remanded.

*Tally & Bayson,* for appellant.

Counsel for appellee takes the same position in this court that he did in the court below. That appellant was doing business in the state of Mississippi in violation of its laws; he overlooks the fact that the *status* of the contract is determined by the initial order for the purchase of the trucks. The order was signed by the appellant, while it does not show on its face where it was signed, the testimony shows that it was signed at Magee, Mississippi, and is addressed to "City Auto Sales Agency Inc., town New Orleans, La." The order had to be forwarded to the seller at New Orleans and accepted before the property was shipped out. It occurs to us that this was an interstate transaction and since that is true, the power to regulate commerce between the states is vested by the Federal constitution in Congress and not in the chancery courts of the several states.

"Sales made by agents or traveling men of foreign corporations having no office or place of business in the local state, and which orders are sent to the home office to be approved and filed, are interstate commerce, and the state may not impose any conditions on this business by way of exacting license fees or otherwise. "5 Thompson on Corporation, section 6641 and Vol. 8, section 6641. The testimony of Mr. Dryfus, the general manager of the appellant corporation conclusively shows that no sales are made until the order is sent in by the salesmen to the New Orleans house and there accepted.

The mere fact that the purchaser was not able to pay cash and the seller gave him indulgence by deferring part of the payment, in no sense changes the character of the transaction. The sale is complete when the order is ac-

cepted and the signing of the notes, and the execution of the deeds of trust at Magee to secure the same in no sense changes the character of the transaction.

*R. C. Russell,* for appellee.

Appellant is a foreign corporation and as such had not qualified to do business under the laws of the state of Mississippi as provided by section 935, Code 1906, Hemingway's Code, sec. 4111, and chapter 92 of the legislature of 1916, and this fact being admitted, there is, therefore, but one question presented by this record and that is, was appellant engaged in business in this state within the meaning of the statute when it sold and delivered appellee the trucks in question, and he in turn executed and delivered the notes and contracts therefor?

Appellant contends that it was not doing business in the state when it sold the trucks in question as contemplated by said statute, because it says the appellee signed an order and that order was approved in New Orleans and that this was the contract for the sale and purchase of the truck. This contention in untenable, because the suit is not based upon this order, it is nowhere referred to, it was not even made an exhibit to the bill of complaint but the entire suit is based solely upon the six notes and the two contracts that are made exhibits to the bill and these notes and contracts show on their face that they were made and executed at Magee, Simpson County, Mississippi, and these instruments are the evidence of this contract, and not this order. The fact that appellant had the notes and contracts executed refute every inference that it regarded this order as the contract.

Appellant's own testimony of A. C. Dreyfus from pages 31 to 42 and J. W. Baker from 65 to 80, establishes beyond the peradventure of a doubt that this contract was made at Magee, Mississippi. Mr. Baker, the acting agent for appellant, stated in his testimony that he had failed to close the deal with appellee and that Mr. Dreyfus had to

come and complete the sale himself, and we submit that this one transaction was the doing of business by appellant in this state, as it was done in the usual and ordinary course of transacting the business for which it was organized.

A single transaction is sufficient to constitute the doing of business as contemplated by our statute as was held in the case of the John Deer Plow Co. v. Spatz, 69 Kan. 255, 2 Am. Eng. Ann. Cases, page 304, in which the court say, Therefore although a single act, it constituted a doing of business in the state within the meaning of the statute, there are many other cases collated in the footnote of this case. Again it is held by the supreme court of Alabama in the State v. Bristol Saving Bank, 108 Ala. 3, 54 Am. St. Rep. 141, that a foreign corporation is guilty of doing business within the state if it makes a single loan to a resident thereof, and takes therefor promissory notes secured by a deed of trust upon real property situated within the state, though such notes are payable in the state wherein the corporation has a residence.

The contract was for the sale of automobile trucks the very thing and the very business for which appellant company was organized and engaged in at the time of making the contract here sued on, and the contract for the sale of these trucks to appellee was as much of its business, as it would have been, if the contract had been made in New Orleans. It was just as much, the doing business in Mississippi, as it would have been if a hundred such contracts had been made.

The taking of the order does not change the rule, or make it a Louisiana contract, because appellant does not rely on this order, and furthermore the order provides that these trucks are to be delivered at Magee, Mississippi. So this order, if it can be considered for anything or given any consideration whatever it will have to be considered a part of the whole contract. In other words appellant can't use this order to prove that the contract was approved by it in New Orleans, and then sue on the notes and contracts to enforce its lien on the property. If the order is the

contract, then the suit must be based upon the order and not notes and contracts. If this corporation can dodge the requirements of our statute in this sort of way, then the statute is ineffective and should be repealed.

It was held by the supreme court of Alabama, in the case of *Farrior* v. *New England Mtg. Co.*, 88 Ala. 275, and 7 So. 200, that: "A single act of making one loan of money, and taking a mortgage to secure it, in Alabama, by a foreign corporation engaged in the loaning of money on mortgages, is the doing of business in the state." And in this same opinion the court held that: "The doing of a single act of business, if it be in the exercise of a corporate function is as much prohibited as the doing of a hundred such acts." See, also, the case of *Mullens* v. *American Freehold Land & Mortgage Co.*, 88 Ala. 280, 7 So. 201; *Clark* v. *J. R. Wadkins Medical Co.*, 171 S. W. 136, 115 Ark. 166.

The trial court decided all questions of fact as to whether this was a foreign corporation doing business in this state, if any there be, in favor of appellee, and according to our view of the case, the record abundantly supports this finding, and this being true, then appellant is not entitled to recover on this contract, as this point was specifically decided, by his court in the case of *Quartette Music Co.* v. *Haygood et al.*, 108 Miss. 755, 67 So. 211.

We therefore submit that the case should be affirmed.

HOLDEN, J., delivered the opinion of the court.

This is a suit in chancery by the appellant, the City Sales Agency, Incorporated, against the appellee, W. F. Smith, Jr., to foreclose a lien for the purchase money on two motor trucks. The appellee defended in the lower court upon two grounds, but it is unnecessary to mention but one, because the chancellor based his decision upon only one ground, and that is that the appellant was a foreign corporation domiciled in the state of Louisiana, and was doing business in this state without first having filed its charter in compliance with section 935, Code of 1906, section 4111, Hemingway's Code, and that its contract was therefore void and unenforceable.

The evidence in the record discloses that the appellant was a foreign corporation doing business in the city of New Orleans, and had an agent resident in this state who solicited orders for the sale of motor trucks to be delivered to purchasers in this state. This agent, whose name was Baker, had no place of business in this state, nor did he sell the motor trucks in this state, but took orders to be accepted and approved by the appellant corporation in the city of New Orleans. When the trucks were shipped into the state, the agent, Baker, would distribute them in person to the purchasers and demonstrate the operation of the trucks, and would either receive cash payments or accept notes and liens upon the trucks to cover the purchase price. At times the appellant would have several trucks in this state to be delivered to customers who had purchased by an order accepted and approved by the appellant at its place of business in New Orleans.

The two trucks here in question were sold to appellee through an order signed by him to the foreign corporation, appellant, at New Orleans, which order was there accepted by appellant and the trucks subsequently delivered by the agent of appellant to the appellee, purchaser, at Magee, Miss. Part cash was paid by appellee on the purchase of the trucks and the balance due was evidenced by a contract and notes executed at Magee, Miss.

The question presented, then, is whether or not the transaction was one in interstate commerce, or whether the appellant was doing business in this state in violation of the statute.

After a careful consideration of the question, we are convinced that the transaction was in interstate commerce, and that it was not the intent of the makers of our statute to impose any burden or restriction on the right of a foreign corporation to engage in interstate commerce in our state. If such were the purpose of our statute, then it would be invalid because such restrictions on commerce between the states is forbidden by the federal law, and consequently, if such were the purpose, then the statute

would be annulled by the federal Constitution. Therefore we hold that our statute has no application to transactions within the protection of the Commerce Clause of the federal Constitution.

Sales made by orders in our state by agents of foreign corporations having no place of business in this state, which orders are sent to the office of the foreign corporations to there be approved and accepted, are undoubtedly interstate commerce which is not to be restricted by state law. The sale in the case before us was made by the agent, Baker, soliciting and receiving the order for the two trucks, which order was sent to the office of the appellant at New Orleans to be accepted or rejected by it, and was there accepted, and thus the contract was completed there, and the trucks were afterwards delivered into the state by the agent of appellant. The balance of the purchase money, it is true, was evidenced and secured by a contract executed at Magee, Miss., but the original main transaction of the sale of the trucks was made and completed in the city of New Orleans when the appellant accepted the order signed by the appellee.

The opinion of the chancellor indicates that because the contract and notes to secure the balance of the purchase money were executed in Mississippi, and the trucks were delivered and demonstrated by the resident agent of appellant at Magee, Miss., the contract was made in Mississippi, and the agent of appellant was thus doing business in Mississippi. But this conclusion is incorrect because the contract of sale was made and completed in the city of New Orleans, and the delivery and execution of the notes for the balance of the purchase money were subsequent events incidental to the main transaction which was in interstate commerce. 14A Corpus Juris, pp. 1283, 1284, and 1285; 2 Ann. Cas. 309.

The holding and reasoning of the chancellor is not without force with reference to whether the appellant through its agent was doing business in this state, because in a certain sense the acts and conduct of the agent in the instant

case might constitute doing business in this state. However, it has been held several times by the federal court that where a sale or transaction is in interstate commerce, the things done by the agent of the foreign seller in carrying out or delivering under the contract is not be be considered so as to burden or restrict the interstate transaction.

As the above question was the only one passed upon by the chancellor, we shall reverse the decree and remand the cause for a new trial.

*Reversed and remanded.*