KNOWER *et al. v.* BALDWIN.

(In Banc. Sept. 27, 1943. Suggestion of Error Overruled Nov. 8, 1943.)

[15 So. (2d) 47. No. 35408.]

Albert Sidney Johnston, Jr., of Biloxi, and Livingston & Livingston, of Prentiss, for appellants.

**Hall & Hall,** of Columbia, for appellee.

Argued orally by **Albert Sidney Johnston, Jr.,** for appellants.

**Alexander, J.,** delivered the opinion of the court.

Mrs. Baldwin brought suit in the circuit court of Jefferson Davis County for damages suffered in a collision with an automobile driven by Knower, a traveling salesman for Helbros Watch Company, Inc., a foreign corporation.

The only assignments of error argued relate to the action of the trial court in overruling a plea of the corporation to the jurisdiction, and its denial of the motion by Knower to transfer the cause against him to the circuit court of Harrison County.

The argument raises the factual issue as to whether Knower was such agent of the corporation as would render process upon him effective to acquire territorial jurisdiction of the nonresident corporation. Appellee contends that under Code 1930, Section 4167, the nature and extent of Knower's agency is immaterial since process against a foreign corporation "may be served upon any agent of said corporation found within the county where the suit is brought, no matter what character of agent such person may be." In this she falls into the same error which crept into Arnett v. Carol C. & Fred R. Smith, Inc. (Miss.), 142 So. 478, and which was corrected upon suggestion of error. Id., 165 Miss. 53, 145 So. 638. This section refers, as does Section 4166, only to foreign corporations found doing business in this state. Unless, therefore, the Helbros Watch Company was found doing business in this state it is not here suable. Arnett v. Smith, supra; Lee v. Memphis Publishing Company, 195 Miss. 264, 14 So. (2d) 351.

We pass therefore to the inquiry whether the corporation was doing business in this state. The testimony leaves no doubt that its only business was conducted through Knower who, as its traveling salesman, solicited orders for watches and transmitted these orders to the corporation for approval. He sold no merchandise. He carried a stock of dummy watches and conducted his solicitation

according to his own plans. In this connection, he was aided by suggestion or direction from time to time as to points or prospects to be covered and was subject to the general supervision of the company to whom he was responsible. He was paid by commissions only, and furnished his own automobile which he was driving when the injury occurred. His relationship as a soliciting agent is practically identical with that involved in Saxony Mills v. Wagner, 94 Miss. 233, 47 So. 899, 23 L. R. A. (N. S.), 834, 136 Am. St. Rep. 575, 19 Ann. Cas. 199. Further authority need not be adduced to support the view that the corporation was not "doing business" in this state. Lee v. Memphis Publishing Co., supra.

The corporate defendant filed in limine a motion "to dismiss the above styled cause for want of jurisdiction" which moved for dismissal of the suit. This was treated by the trial court as a motion to quash process and as such was sustained but the cause continued. Regardless of whether this should be treated as raising the question of territorial jurisdiction, a plea raising this issue was seasonably filed and a hearing had on issue joined. Batson & Hatten Lbr. Co. v. McDowell, 159 Miss. 322, 131 So. 880; Arnett v. Smith, supra. This plea was overruled and in our opinion such action constituted error.

The individual defendant Knower thereupon filed his motion to transfer the cause as against him to Harrison County, "the county of his residence." This motion was an attempt to avail of Code 1930, section 495, which provides for such transfer when "a citizen resident in this state shall be sued in any action, not local, out of the county of his household and residence." This defendant is an unmarried man. He had no home nor fixed place of residence in this state. He testified that when the suit was filed he had "no particular spot" in this state that he could or did call home. During his rounds of solicitation he preferred to, and did often, stay at a Biloxi hotel "as a place of rest and relaxation." From this and the whole evidence in this regard, it is clear that the suit was

properly brought in Jefferson Davis County where the accident occurred and where process was served. The motion to transfer was properly overruled.

Affirmed as to the appellant Knower, and reversed and dismissed as to the defendant Helbros Watch Company, Inc.