SAVELL v. SCHULTZ, BAUJAN & Co.

Feb. 25, 1952.

No. 38260 (57 So. (2d) 151)

Weir & Weir, for appellant.

Kenneth I. Franks, and Witherspoon & Bourdeaux, for appellee.

Kyle, J.

Schultz, Baujan and Company, a non-resident corporation, plaintiff, recovered a judgment in the Circuit Court of Neshoba County against V. W. Savell, individually and doing business as Savell's Hatchery, defendant, for the sum of $8,801.59, and from that judgment the defendant prosecutes this appeal. The action

was based upon an open account alleged to be due and owing to the plaintiff by the defendant for chicken feed sold and delivered by the plaintiff to the defendant. Copies of the invoices were attached to the plaintiff's declaration and were made a part of the itemized statement of the account.

The appellant at the time the purchases were made was engaged in the business of operating a hatchery at Philadelphia, Mississippi. The appellee was an Illinois corporation engaged in the business of manufacturing and selling commercial feed. Its main offices were located at Beardstown, Illinois. The orders for the chicken feed shipped to the appellant were taken by Fred Gill, a traveling salesman for the appellee, who took orders which were transmitted by him to the home office and the feed was then shipped directly to the purchasers. Gill resided at Hattiesburg, Mississippi, and was paid a salary and expenses. He furnished his own automobile. Gill testified that he had authority only to solicit orders which he sent to the home office at Beardstown, Illinois, and that all orders were subject to acceptance or rejection by the manager at the home office. Gill's testimony was corroborated by the testimony of John White, the manager in charge of the home office.

The indebtedness for which judgment was rendered represented the unpaid balance due and owing by the appellant to the appellee for seven car loads of chicken feed shipped by the appellant and received by the appellee between July 19, 1949, and March 8, 1950, and fifty sacks of feed delivered to the appellant by the Morton Locker and Storage Company on January 26, 1950. The appellant admitted during the trial that he had received the feed, and there is no dispute as to the correctness of the account.

The appellant in his answer sought to recoup damages on account of the failure of the appellee to continue to ship additional feed to the appellant after the appellant had made default in the payment of the accounts due for

the feed already shipped. But the court held that no competent proof had been made of any agreement on the part of the appellee to continue to ship additional feed after the appellant had failed to pay for the feed already shipped.

At the conclusion of the testimony the court granted to the plaintiff a peremptory instruction directing the jury to find for the plaintiff.

The appellant's attorneys argue two points on this appeal, which are as follows; (1) That plaintiff was not entitled to recover for the reason that no properly itemized statement of the account or proper bill of particulars was filed as an exhibit to plaintiff's declaration, as required by Section 1469, Code of 1942; and (2) that the court erred in overruling the defendant's motion to exclude the testimony offered by the plaintiff on the ground that the plaintiff was a foreign corporation and had not qualified to do business in the State of Mississippi, as required by Section 5319, Code of 1942.

 There is no merit in the appellant's contention that the account attached to the plaintiff's declaration was not properly itemized. In addition to the invoice numbers, showing the dates and amounts of the several shipments, which were listed in the declaration, there were attached to the declaration copies of the invoices themselves, which showed the dates of the purchases, the kinds of goods shipped, the quantities and the prices. The account also showed all proper credits. The copies of the invoices attached and the credits shown on the account constituted a full bill of particulars within the meaning of Section 1469, Code of 1942; and there was also attached to the account an affidavit as to the correctness of the account. The account as stated was not subject to the objections pointed out by the Court in the cases of Pipes v. Norton, 47 Miss. 61, and W. M. Finck & Co. v. Brewer, 133 Miss. 9, 96 So. 402, which are cited by the appellant's attorneys in their brief.

As to the second point argued by the appellant's attorneys in their brief, it has been held in numerous decisions of this Court that ██ a foreign trading corporation, having no office or place of business in this State, by employing a soliciting agent to obtain orders and send them to the home office, where they are filed by direct shipments to the purchasers, is not doing business in this State within the meaning of Section 5319, Code of 1942. Saxony Mills v. Wagner, 94 Miss. 233, 47 So. 899, 23 L. R. A., N. S., 834, 136 Am. St. Rep. 575, 19 Ann. Cas. 199; City Sales Agency, Inc. v. Smith, 126 Miss. 202, 88 So. 625; Item Co., Limited v. Shipp, 140 Miss. 699, 106 So. 437; North American Mortgage Co. v. Hudson, 176 Miss. 266, 168 So. 79; Knower v. Baldwin, 195 Miss. 166, 15 So. (2d) 47; C. I. T. Corporation v. Stuart, 185 Miss. 140, 187 So. 204; Refrigeration Discount Corporation v. Turley, 189 Miss. 880, 198 So. 731; Morrison v. Guaranty Mortgage & Trust Co., 191 Miss. 207, 199 So. 110; Lee v. Memphis Pub. Co., 195 Miss. 264, 14 So. (2d) 351, 152 A. L. R. 1428.

In the case of Knower v. Baldwin, supra, Knower was a salesman for the Helbros Watch Company, Inc., a foreign corporation, and was involved in an automobile accident. An action for damages for personal injuries was filed by Baldwin against Knower and his principal. Process was served upon Knower as the agent of the corporation. The Helbros Watch Company, Inc., filed a motion to dismiss the suit, which was treated by the trial court as a motion to quash the process, and the motion was sustained and the cause continued. The watch company also filed a plea to the jurisdiction, in which it was alleged that it was a foreign corporation and not engaged in doing business in this State, and that the court had no jurisdiction to entertain the suit against it for that reason. Issue was joined on the plea and a hearing was had thereon. The court overruled the plea to the jurisdiction, and this Court on appeal reversed the judgment of the lower court on that issue and dismissed

the suit as to the watch company. The Court in discussing the question as to whether the Helbros Watch Company was doing business in this State said: "Unless, therefore, the Helbros Watch Company was found doing business in this State it is not here suable. * * * We pass therefore to the inquiry whether the corporation was doing business in this State. The testimony leaves no doubt that its only business was conducted through Knower who, as its traveling salesman, solicited orders for watches and transmitted these orders to the corporation for approval. He sold no merchandise. He carried a stock of dummy watches and conducted his solicitation according to his own plans. In this connection, he was aided by suggestion or direction from time to time as to points or prospects to be covered and was subject to the general supervision of the company to whom he was responsible. He was paid by commissions only, and furnished his own automobile which he was driving when the injury occurred. His relationship as a soliciting agent is practically identical with that involved in Saxony Mills v. Wagner, 94 Miss. 233, 47 So. 899, 23 L. R. A., N. S., 834, 136 Am. St. Rep. 575, 19 Ann. Cas. 199. Further authority need not be adduced to support the view that the corporation was not 'doing business' in this State. Lee v. Memphis Publishing Co., supra." [195 Miss. 166, 15 So. (2d) 47]

The appellant also contends that the Court erred in calling the case for trial before the expiration of five days allowed by the Court for the filing of the defendant's answer to plaintiff's amended declaration. The order allowing the defendant five days within which to answer the amended declaration was entered on February 5. The case was actually tried on February 9. The record recites that the plaintiff and the defendant having joined issue, and all parties being present in court, the trial was proceeded with on that date. ▮▮ No objection was made at that time to the court proceeding with the trial, and there is no merit in the contention now

made by the appellant that the trial took place on the fifth day after the order was entered.

 Finally, the appellant contends that the court erred in permitting John White to testify as a witness for the plaintiff, after White had remained in the courtroom while Fred Gill was testifying. The record shows that after Fred Gill had testified, White was called as a witness for the plaintiff, and the defendant's attorney objected to White testifying on the ground that the rule had been invoked and White had remained in the courtroom and had heard Gill's testimony. The court admitted that under the rules of practice usually applied in the trial of cases, White should have been called as the plaintiff's first witness, if he expected to remain in the courtroom while the other witnesses were testifying, but the court stated that White would be permitted to testify. We think that the court committed no reversible error in permitting White to testify under the circumstances. As stated by this Court in the case of Wilson v. Peacock, 111 Miss. 116, 71 So. 296, 298, ''Mere rules of practice should never stand in the way of permitting the jury to hear all the witnesses, * * *. The trial court has the power, and should always exercise it, to relax or suspend all court rules, to the end that litigants may be assured of a full and fair hearing of their side of the controversy.''

The judgment of the lower court is therefore affirmed. Affirmed.

**Roberds, Hall, Lee,** and **Ethridge, JJ.,** concur.