301 So.2d 857 (1974)
VAL-U-KING HOMES, INC.
v.
Dr. Robert L. TAYLOR.
No. 47711.
Supreme Court of Mississippi.
October 21, 1974.
*858 Perry, Phillips, Crockett & Morrison, Jackson, Farese, Farese, Jones & Farese, Ashland, for appellant.
Satterfield, Shell, Williams & Buford, E.P. Lobrano, Jr., Jackson, for appellee.
GILLESPIE, Chief Justice:
Val-U-King Homes, Inc., sued Dr. Robert L. Taylor in the Circuit Court of Hinds County, Mississippi, to recover the value of a prefabricated aluminum home. The defendant filed a motion to dismiss on the grounds that the plaintiff was a nonresident corporation which had failed to obtain a certificate of authority to do business in this State. After a hearing on this motion, the court dismissed the case and Val-U-King Homes, Inc., appealed.
The facts applicable to the question before the Court are as follows. Val-U-King, a Delaware corporation not qualified to do business in the State of Mississippi, was incorporated in September, 1970, by Mr. Walter A. Utley. Mr. Utley had an interest in a real estate development in Arkansas and wanted to devise a system for constructing inexpensive homes to sell with the lots. In order to build a prototype of a prefabricated aluminum home to be ultimately moved to Arkansas, Val-U-King rented a warehouse in the old Air Force Base in Greenville, Mississippi. It employed a foreman and various laborers for the purpose of constructing the home. They commenced operation in 1970, and opened various accounts in Greenville for the purchase of materials and supplies. It was originally planned that the prefabricated house could be completed in about two months at a cost of $12,000. The cost was higher than anticipated and the house was not completed until the latter part of December, 1970. The labor force was disbanded the first week of January, 1971, and three employees were paid severance pay until the end of January. After January 1, 1971, the corporation did not engage in any activities in Mississippi and the prefabricated house remained stored at the old Greenville Air Force Base.
On May 24, 1971, Mr. Utley deposited $10,000 in a bank in Arkansas and began paying creditors of Val-U-King in Mississippi. Although we are not concerned here with the merits of the suit against Dr. Taylor, there is evidence in the record to indicate that a former employee, who, according to witnesses for Val-U-King, had not had any connection with the corporation since January, 1971, through some arrangement, sold or delivered the prefabricated home to one Sanders, who erected it on land belonging to Dr. Taylor. Sanders thereafter assigned his interest in the home to Dr. Taylor. The suit by Val-U-King against Dr. Taylor is based on the tortious conversion of the prefabricated home.
*859 The sole question is whether the trial court erred in dismissing the suit under the provisions of Mississippi Code 1972 Annotated section 79-3-247, which is in part as follows:
No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state.
This Court has repeatedly held that the statute is highly penal and should be strictly construed. This case is controlled by Long Beach Canning Company v. Clark, 141 Miss. 177, 106 So. 646 (1926). Long Beach Canning Company was a Louisiana corporation which owned and operated a canning factory at Gulfport, Mississippi. The corporation never qualified to do business in this state. It ceased its operations in Mississippi but thereafter continued to own a canning factory, boats, equipment and other property located in the City of Gulfport. It later sold this property and litigation arose when the purchasers defaulted. The Court reversed the action of the trial court in dismissing the suit and held that Long Beach Canning Company could maintain its action. In doing so, the Court said:
In the case before us the transaction did not grow out of the operation of the business, nor was it in furtherance of doing business in the state, but it was the selling of the assets of the corporation for the purpose of ceasing to do business in the state. The statute does not forbid a nonresident corporation to sell property in the state owned by it, nor require it to file a copy of its charter in the state for the mere purpose of selling specific property. The corporation, having acquired the property in the state, had a right to dispose of it regardless of the fact that it had previously done business in the state contrary to the public policy and statutes of the state.
The statute does not make a forfeiture of property to the state for the failure to record its charter. It simply refuses the aid of its courts to those doing business in violation of the law without recording their charter. 141 Miss. at 185-186, 106 So. at 648.
The present case cannot be distinguished in principle from the Long Beach Canning Company case. The purpose of the statute is to encourage nonresident corporations doing business in this state to qualify and pay the necessary fees and subject themselves to the laws of the State of Mississippi. The statute does not state that a corporation not presently transacting business in the state shall be denied access to the courts because it violated the statute in the past. When Val-U-King Homes ceased to do business in the state it was no longer in violation of the law, and causes of action thereafter accruing which do not arise directly out of the operation of the business may be maintained in the courts of this state.
For the reasons stated, the case is reversed and remanded for further proceedings consistent with this opinion.
Reversed and remanded.
All Justices concur.