## SASNETT v. IOWA STATE TRAVELING MEN'S ASS'N.
### No. 10843.

Circuit Court of Appeals, Eighth Circuit.

May 29, 1937.

W. Gwynn Gardiner, of Washington, D. C. (Addison Parker, of Des Moines, Iowa, and James M. Earnest, of Washington, D. C., on the brief), for appellant.

Earl C. Mills, of Des Moines, Iowa, for appellee.

Before GARDNER, WOODROUGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Southern District of Iowa in an action brought upon a judgment obtained in the District of Columbia.

The plaintiff in both actions is the widow of a member of the defendant association, and she is beneficiary in two pol-

icies of accident insurance held by the deceased.

The following facts appear to be established: The defendant maintains no office outside the state of Iowa. It has no agents engaged in soliciting business. Applications for memberships are solicited by members of the association, for which the association pays no compensation. The certificate of membership is issued at Des Moines, Iowa, if the application for the new member is favorably received. Losses are settled by checks on Des Moines banks mailed from the home office. The certificate provides that the articles of incorporation and by-laws shall be a part of the certificate of membership.

The husband of the plaintiff met with an accident and died June 22, 1931. Proofs of death were promptly furnished.

After the accident, but during 1931, three agents were sent to the District of Columbia by the defendant association to investigate the accident, and to make recommendation as to adjustment of any claim. No settlement was reached, and in June, 1932, plaintiff began suit in the District of Columbia against defendant, leaving the summons with Dr. Truman Abbe, who had made medical examinations in numerous cases for the defendant. The defendant made no appearance in the action, and judgment was taken by default. On this judgment, the present suit in Iowa was based, being commenced in March, 1934.

Two questions arise:

1. Was the defendant association doing business in the District of Columbia at the time the alleged service was made upon Dr. Abbe June 27, 1932?

2. Was Dr. Abbe such an agent of the defendant association that service could properly be made upon him?

The statute under which service was made in the District of Columbia (chapter 50, Code of Law for the District of Columbia 1924 [D.C.Code 1929, T. 24, § 373]), reads as follows:

"Sec. 1537. *Service on foreign corporations.*—In actions against foreign corporations doing business in the District all process may be served on the agent of such corporation or person conducting its business, or, in case he is absent and can not be found, by leaving a copy at the principal place of business in the District, or, if there be no such place of business, by leaving the same at the place of business or residence of such agent in said District, and such service shall be effectual to bring the corporation before the court.

"When a foreign corporation shall transact business in the District without having any place of business or resident agent therein, service upon any officer or agent or employee of such corporation in the District shall be effectual as to suits growing out of contracts entered into or to be performed, in whole or in part, in the District of Columbia or growing out of any tort [heretofore or hereafter] committed in the said District."

The by-laws of the association provided:

"It is expressly understood and agreed that the Association may cause all proper investigation to be made touching any injury to any member for which a claim has been made, including medical examinations. * * *"

Dr. Abbe made examinations of persons who were members living in the District of Columbia and who had received injuries. He had made some 100 or 200 such examinations prior to the time of the alleged service. He was employed separately for each particular examination and was paid separately for the same by check from the defendant association. Each of the examinations was an independent transaction. He was an employee of the defendant association only during the time when he was making each examination. He had made no examination relative to the matter involved in the present suit.

Proofs of loss are made on forms provided, and in case the certificate of the medical attendant is inadequate, the association procures additional information through some local physician.

The trial court in Iowa held that the service upon Dr. Abbe in the District of Columbia was not valid; that Dr. Abbe was not such a person as could properly be said to represent the defendant association in said District; that the defendant association maintained no office except in Des Moines, Iowa; and never sought permission to do business in any other state or in the District of Columbia.

Judgment was entered in favor of defendant.

The Supreme Court, so far as we are advised, has not formulated any hard and fast rule as to what constitutes "doing busi-

ness" by a foreign corporation within a state or the District of Columbia; but has decided each case that has come before it involving that question upon the facts therein disclosed.

We think it would serve no useful purpose to restate the particular facts of the various cases.

Appellant cites and relies upon the cases of Connecticut Mutual Life Ins. Co. v. Spratley, 172 U.S. 602, 19 S.Ct. 308, 43 L.Ed. 569; Mutual Reserve, etc., Ass'n v. Phelps, 190 U.S. 147, 23 S.Ct. 707, 47 L. Ed. 987; Pennsylvania Lumbermen's Ins. Co. v. Meyer, 197 U.S. 407, 25 S.Ct. 483, 49 L.Ed. 810; Commercial Mutual Acc. Co. v. Davis, 213 U.S. 245, 29 S.Ct. 445, 53 L.Ed. 782.

Appellee cites and relies upon Old Wayne Mutual Life Ass'n v. McDonough, 204 U.S. 8, 27 S.Ct. 236, 51 L.Ed. 345; People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537; Minnesota Commercial Men's Association v. Benn, 261 U.S. 140, 43 S.Ct. 293, 67 L.Ed. 573; Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 171, 67 L.Ed. 372; and as following these cases: Higham v. Iowa State Travelers' Ass'n (C.C.) 183 F. 845; Oliver v. Iowa State Traveling Men's Ass'n, 76 F.(2d) 963 (C.C.A.8); Rausch v. Commercial Travelers' Mut. Acc. Ass'n, 38 F.(2d) 766 (C.C.A.8); Saunders v. Iowa State Traveling Men's Ass'n (Iowa) 270 N.W. 407.

In the Rosenberg case, supra, the pertinent inquiry was said to be, "whether, at the time of the service of process, defendant was doing business within the state of New York in such manner and to such extent as to warrant the inference that it was present there."

The cases appear to hold that merely casual acts do not constitute "doing business"; that there must be some continuity in the employment of an alleged agent, or at least that the employment existed at the time of the alleged service; that the mere insuring of residents of a foreign state, the contract of insurance being made and being carried out in the home state of the association, does not constitute "doing business" in the state of the insured.

In view of the foregoing authorities, we think that the defendant association in the case at bar cannot be said to have been doing business within the District of Columbia at the time of the alleged service; nor can it be said that Dr. Abbe was a person who represented the association to such an extent that it could be said to be present within the District.

We accordingly hold that the appellee was not doing business in the District of Columbia at the time of the attempted service upon Dr. Abbe; and that Dr. Abbe was not at the time of the attempted service an agent or employee of the appellee association upon whom service could properly be made.

The judgment of the court below is affirmed.