## CASE v. MILLS NOVELTY CO.

(Division A. Feb. 12, 1940. Suggestion of Error Overruled March 11, 1940.)

[193 So. 625. No. 34018.]

674

M. L. Heidelberg, of Waynesboro, for appellant.

Arthur G. Busby, Jr., of Meridian, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee, a corporation, doing business in Chicago, Illinois, accepted a written order in Chicago from Florence M. Cran for the sale to her of an ice cream dispenser and shipped the dispenser to her at Waynesboro, Mississippi, which she accepted and proceeded to use. The greater part of the price of the dispenser was to be paid in twenty-four consecutive monthly installments, to cover which Mrs. Cran executed promissory notes. To secure the payment of these notes, title to the dispenser was to remain in Mills Novelty Company until all of the notes were paid. The dispenser came into the possession of the appellant, and the promissory notes given therefor, but by Mrs. Cran not being paid, this action of replevin was brought by the Mills Novelty Company for the possession of the dispenser. Section 4164, Code of 1930, requires a foreign corporation doing business in this State to file a copy of its charter with the Secretary of State and in default thereof it "shall be liable to a fine of not less than $100.00." The appellee has not filed its charter with the Secretary of State, and the appellant's defense in the court below was and here is that the sale of this ice cream dispenser to Mrs. Cran was an intra and not an interstate transaction, and consequently constituted the doing by the appellee of business in this State and the commission of a crime under Section 4164, because of which the contract for the sale of the dispenser is void. If the sale of this ice cream dispenser was an

intrastate transaction, then the contract by which the sale was made is void. Quartette Music Company v. Haygood, 108 Miss. 755, 67 So. 211.

The contract of sale contains this agreement:

"The Mills Novelty Company agrees to service for the original purchaser the equipment covered by this contract for a period of one year gratis, our obligation hereunder being limited to a periodical inspection and adjustment of the equipment, including labor, the whole or any part of the equipment shown by our inspection to be our responsibility as per terms of our warranty. This agreement does not extend to cover the necessary oiling the equipment will require, wiring, plumbing, fuses, or other customary and ordinary care and service which equipment of this nature requires, and shall be void in the event any additional hook-up of equipment or increase is made in the compressor load without the approval and written consent of the Mills Novelty Company, Chicago, Illinois. Our service men carry factory credentials and will leave with the purchaser upon the completion of every service call, a service report in duplicate, and the purchaser agrees and promptly signs and mails the factory copy of report to the company at Chicago. Failure on the part of the purchaser to do so will, at the option of the company, void this service agreement and thereupon the company's responsibility under this warranty shall immediately cease.

"Any repairs made by the Mills Novelty Company authorized servicemen shall be at the risk and expense of purchaser.

"The Mills Novelty Company warrants the equipment covered by this contract has been carefully inspected. Should the equipment get out of order any time within one year from date of shipment, the Mills Novelty Company will repay or replace, including labor, gratis any part or parts shown by our inspection to be defective in material or workmanship."

The carrying out of this service agreement required

the services of a skilled mechanic, and in order to comply therewith the appellee employed a local mechanic qualified therefor, who serviced the ice cream dispenser for one year in accordance with the service agreement. This contract of sale is not an intrastate transaction unless this service agreement makes it such. In order so to do this agreement must impose on the appellee the performance of acts of a local character, which are not essential to the making of the sale and delivery of the ice cream dispenser. In Browning v. Waycross, 233 U. S. 16, 34 S. Ct. 578, 580, 58 L. Ed. 828, it was held that the erection of lightning rods pursuant to an agreement therefor in a contract of sale that would otherwise be an interstate transaction constituted doing business in the State where the lightning rods were erected. "(a) Because the affixing of lightning rods to houses was the carrying on of a business of a strictly local character, peculiarly within the exclusive control of state authority. (b) Because, besides, such business was wholly separate from interstate commerce, involved no question of the delivery of property shipped in interstate commerce, or of the right to complete an interstate commerce transaction, but concerned merely the doing of a local act after interstate commerce had completely terminated. It is true that it was shown that the contract under which the rods were shipped bound the seller, at his own expense, to attach the rods to the houses of the persons who ordered rods, but it was not within the power of the parties by the form of their contract to convert what was exclusively a local business, subject to state control, into an interstate commerce business, protected by the commerce clause." This case was explained, held to be rightly decided, but differentiated from the case then being considered in York Manufacturing Co. v. Colley, 247 U. S. 21, 38 S. Ct. 430, 62 L. Ed. 963, 11 A. L. R. 611, wherein a sale of ice manufacturing machinery with an agreement by the seller to furnish an engineer who would superintend the installation of the machinery did not

constitute doing business in the State in which the machinery was delivered and installed, the installation agreement being a mere incident of the contract for the sale of the machinery and appropriate to the making thereof.

The servicing of this ice cream dispenser was purely a local transaction, not incidental to or necessary for the formation of the sales contract, and was subject wholly to the supervision and control of the State. It necessarily follows therefore that when servicing this ice cream dispenser, which it did through an agent employed for that purpose, the appellee was doing business in this State, and the contract of which this service agreement is a part violates Section 4164, Code of 1930, and is unenforceable.

Reversed, and judgment dismissing the action.