NEWELL CONTRACTING CO. v. STATE HIGHWAY COMMISSION.

(In Banc. Nov. 23, 1943. Suggestion of Error Overruled Jan. 10, 1944.)

[15 So. (2d) 700. No. 35415.]

Jones & Ray, of Jackson, for appellant.

398

Greek L. Rice, Attorney-General, Green & Green, and Lotterhos, Travis & Dunn, all of Jackson, for appellee.

402

**McGehee, J.,** delivered the opinion of the court.

The questions presented here for decision are (1) whether or not the appellant, a foreign corporation, was doing business in this state within the meaning of Sections 4140, 4164 and 4165, Code of 1930, at the time the contract herein sued on was executed and its performance undertaken, and had substantially complied with the said statutes in regard to filing a copy of its charter or articles of incorporation in the office of the Secretary of State and designated an agent upon whom service of process could be had, as a condition precedent to its right to do business in this state or to bring or maintain any action or suit in any of the courts thereof; and (2) whether or not in such event the delay of the defendant to plead such failure to comply with these statutes until the suit had been pending for more than three years, and the complainant had rested its case after taking testimony for approximately twenty days, has precluded such defense being interposed.

The bill of complaint alleged that the complainant, Newell Contracting Company, is "a corporation organized under the law of Alabama, and doing business in the State of Mississippi," and the proof disclosed that the said foreign corporation, which is engaged in doing highway construction as its chief corporate function, established "a temporary office" at Jackson, Mississippi, in February 1932, in charge of Mr. Oswald Newell, its vice president and manager, for the purpose of bidding

on road construction work in this state, which would necessitate the viewing of job sites and a study of plans and specifications in advance of submitting a bid for such work; that in July, 1932, the said contracting company made an application to the State Tax Commission and obtained a privilege license for the purpose of "bidding or offering to bid for a fixed price, commission, fee or wage on the construction or repair or the superintending of construction or repair of any of the projects named in Section 60(a), Privilege Tax Law, 1932 [Laws 1932, c. 89];" that on November 22, 1932, the said contracting company became the successful bidder to construct a link of highway in Simpson County over six miles long and known as Project F. A. P. No. E-200-E, and which involved the furnishing of the equipment, labor and necessary materials, the purchase of gravel and sod as a result of local negotiations, the letting of sub-contracts and the doing of any and all other things necessary for the construction of the said road according to the plans and specifications and for a consideration of approximately $119,000; that the formal contract in that behalf was duly executed on January 12, 1933, the performance bond given in the sum of $59,000, the work immediately begun, and the contract was completed within approximately one year from that date; that on September 16, 1933, after the said work had been in progress for about eight months and at least two-thirds of the working days allowed for the completion of the job had expired, the said contracting company filed a copy of its charter with the Secretary of State and designated an agent for service of process, the failure to meet such requirements earlier being explained by the omission of an attorney to attend to the matter after being allegedly requested so to do.

The bill of complaint was filed in January, 1935, seeking to recover additional compensation for extra work required by the appellee, State Highway Commission, under the contract and also certain damages on account

of expenses and delay occasioned by the alleged failure of the highway engineers to perform their duties on time, etc. On January 24, 1935, the appellee, as defendant in the court below, filed a motion for a bill of particulars and the complainant contracting company attempted to comply therewith on November 8, 1935. Thereupon, and prior to the end of that month, the appellee moved to strike the purported bill of particulars on the ground that the same was vague and indefinite, and asked the court to enter an order requiring the complainant to be more specific in setting forth its complaints and demands. This motion was sustained on March 6, 1936, and a further bill of particulars was furnished on May 25, 1936. Forthwith, the appellee obtained a leave of sixty days within which to prepare and file its answer in the cause, and on June 17, 1936, a Special Master was appointed to hear the issues of fact involved. The complainant offered its proof in support of the allegations of its bill of complaint, the hearing beginning in December, 1937, and lasting for a period of approximately twenty days, as hereinbefore stated, and then rested its case. Before any testimony was offered on behalf of the defendant, an application was made to the chancellor for leave to amend the answer so to plead, among other things, as an affirmative defense in bar of the alleged cause of action, and not a dilatory one merely in abatement thereof, the fact that the claim or demand sued on was not a legal, subsisting and valid demand because of the failure of the complainant to qualify to do business in the state in the manner required by the said Sections 4140, 4164 and 4165, Code of 1930, supra. The proposed amendment was submitted as an exhibit to the motion to amend and was allowed by order of the chancellor on August 6, 1938. And, it does not appear from the record that the defendant had notice of the complainant's failure to comply with the statutes aforesaid at any time prior to the filing of the motion to be allowed to plead such defense. Thereafter, the plea was heard preliminary by the Special Master who made a

finding on October 8, 1938, to the effect that the complainant was doing business in the state within the meaning of the statutes here invoked, as aforesaid, and held that no recovery could be had except for such extra work as may have been done and for such damages as may have accrued subsequent to the filing of a copy of the charter and designating the agent September 16, 1933. When the report of the Special Master was referred to the chancellor for approval, the complainant, on December 13, 1938, moved to vacate the order whereby the chancellor had allowed the amendment on August 6, 1938. No order was taken on this motion, but it appears from the record that the complainant had orally objected to its allowance at the time the order was previously made in that behalf. On February 8, 1939, the chancellor approved the report of the Special Master in holding that the complainant was doing business in the state and had not complied with the law as a condition precedent to being authorized to do so, but held that there could be no recovery even on account of anything that transpired subsequent to September 16, 1933, unless the circumstances under which the extra work was performed amounted to an original and new undertaking or agreement, either express or implied, arising after the said foreign corporation had in fact qualified on that date to do business in this state. Pursuant to that holding, there was a decree in favor of the complainant contracting company for the sum of $390.15 and no appeal is taken by the defendant therefrom.

We are of the opinion that the court below was correct in holding that the appellant was doing business in this state and that there had been no substantial compliance with the statutes here involved until September 16, 1933, and that hence the contract sued on is void and unenforceable. Quartette Music Company v. Haygood, 108 Miss. 755, 67 So. 211; Peterman Construction & Supply Company v. Blumenfeld, 156 Miss. 55, 125 So. 548; Wiley Electric Company v. Electric Storage Battery Company,

167 Miss. 842, 147 So. 773; Marx & Bensdorf, Inc. v. First Joint Stock Land Bank of New Orleans, 178 Miss. 345, 173 So. 297; Case v. Mills Novelty Company, 187 Miss. 673, 193 So. 625, 126 A. L. R. 1102.

The usual test of whether or not a foreign corporation is doing business within the meaning of our statutes is whether or not it is doing such acts as are within the function of its corporate powers, and where the business so performed is substantial in scope such corporation is held to be doing business. Peterman Construction & Supply Company v. Blumenfeld, supra. In that case, it was held that a foreign corporation's compliance with the provisions of the statutes in question, requiring the filing of a copy of the charter or articles of incorporation, can not, insofar as it relates to contracts theretofore executed, be made to relate back to the date of execution thereof, since the contract "was either enforceable on the date of its execution, or unenforceable." [156 Miss. 55, 125 So. 551.] These statutes may be harsh in their application, since a failure to comply therewith may in some cases result in the inability of such foreign corporation to collect any part of the consideration for services rendered or goods sold where such defense is interposed, nevertheless, as was said in the Peterman case, "We cannot vary the law, because our sympathy may be excited by the harshness of its particular application . . ."

The appellant contends, however, that the statutes here invoked are not applicable in the case at bar for the alleged reason that the contract in this instance was one isolated transaction, falling within the rule laid down by this court in the case of Item Company, Ltd., v. Shipp et al., 140 Miss. 699, 106 So. 437, and in the cases of Harleston v. West Louisiana Bank, 129 Miss. 111, 91 So. 423, and City Sales Agency, Inc., v. Smith, 126 Miss. 202, 88 So. 625. But we are of the opinion that these cases are clearly distinguishable from the present case and that the issue here involved is to be determined by the decisions hereinbefore first cited.

Then, in the second place, it is strenuously urged that the trial court abused its discretion in permitting the amendment to be made so as to allow this defense to be interposed, for the reason that the leave to amend was not seasonably applied for. However, inasmuch as Section 4140 expressly requires that every foreign corporation doing business in the State of Mississippi shall file a written power of attorney designating the Secretary of State, or in lieu thereof some other resident agent, upon whom service of process may be had, before it is authorized to do business in this state, and further provides that "Any foreign corporation failing to comply with the above provisions shall not be permitted to bring or maintain any action or suit in any of the courts of this state"; and since Section 4164 requires such a corporation to file a copy of its charter or articles of incorporation with the Secretary of State, and provides that "any foreign corporation which shall not file a copy of its charter or certificate of articles of incorporation . . . shall be liable to a fine of not less than $100.00"; we are of the opinion that the defendant, State Highway Commission, had the right to assume, without making any investigation in that behalf, that the complainant, as such a foreign corporation, had complied with the plain mandates of the law in these particulars, and that therefore the trial court was not in error in permitting the amendment so as to allow the defense to be made so as to show that the contract sued on was wholly void and unenforceable, and this is especially true in the absence of a showing that the defendant had notice of the non-compliance with the statutes prior to the taking of the evidence by the complainant in support of the allegations of its bill of complaint. When this suit was filed and the evidence was being taken, the complainant was charged with knowledge that it could not bring or maintain any action or suit in any of the courts of this state without having complied with these statutes before doing the business in this state, since it is presumed to have known,

before it brought the suit or incurred any of the expense of the trial, all of the facts in connection with its failure to file a copy of its charter and designate an agent for the service of process as required by law.

The decree of the court below must therefore be affirmed.

Affirmed.

Roberds, J., delivered a dissenting opinion.

Permission of the court, under the circumstances here, for appellee-defendant, to interpose the defense of failure of appellant to file its charter and designate a resident agent worked grave injustice and in my opinion was an abuse of discretion. Here were the circumstances: The suit had been pending three and one-half years. Appellee had filed a number of motions and pleas. Its full answer to the merits had been on file over two years; a special master had been appointed and had taken evidence for twenty days on the merits and issues then presented by the pleadings. This evidence covers some 700 pages of this record. Complainant had rested its case. The record discloses that appellant had arranged with an attorney to qualify it under the Mississippi law, but the attorney had failed to do so. However, in July, 1932, it had procured a privilege license to bid on construction work in this state. The contract in question is dated November 22, 1932. On September 16th, 1933, appellant did actually qualify. The completed work was accepted as satisfactory by the Highway Commission January 23rd, 1934. Appellant sued for a balance of $65,764.24 growing out of that contract. It was under these conditions this plea was allowed, without even requiring the appellee to pay the costs which had accrued to that time. This court has held that appellee is subject to the same liability for court costs as an individual litigant. State Highway Commission v. Wunderlich, 194 Miss. 119, 11 So. (2d) 437. All questions of merit and all evidence

thereon were disregarded. Whether this plea be one of abatement or bar, it is in the nature of a dilatory plea and should be interposed and heard before any defense is made on the merits. Filing of the plea here was not a matter of right; it was within the discretion of the court. Appellant is now liable for large costs and the merits of its claim are unconsidered.

It is said in the main opinion, in justification of this unusual procedure, that appellee had a right to assume that appellant had performed its duty and complied with the statutes, and that appellee was relieved of all diligence in interposing this defense. That is a far-reaching assumption. Under it a defendant would never be required to plead in due course and time any failure of a plaintiff to perform its duty and comply with the law. For instance, it was the duty of complainant in this case to fulfill its contract. Suppose the defense had been failure on its part to do that. Under the foregoing reasoning the defendant could have interposed a plea of payment and had that tried out and then interposed a plea of nonfulfillment of the contract by complainant, on the right of defendant to assume that complainant had complied with the duty imposed upon it by the contract and the law.

It might be assumed, with much reason and justification, that the Highway Commission, in letting these public contracts to nonresident corporations, would naturally have in mind whether the contractor is authorized under the laws of Mississippi to enter into and perform and enforce such contracts in this state. The information can be gotten by the simple act of telephoning the office of the Secretary of State. It is public information. It was not concealed from the defendant. It could have been ascertained one moment as well as another.

But be that as it may, the majority opinion recognizes the extreme harshness of these statutes. The commission accepted the contract and the state has gotten the benefit of the work. The motion for permission to file these pleas

stated no reason or excuse whatever for the delay in making the request. The trial court might have relieved complainant of the harshness and hardship of these statutes in this case by what I think would have been the exercise of a sound judicial discretion in refusing permission to interpose these pleas under the existing circumstances.