CONDON et al. *v.* SNIPES.

In Banc.　Feb. 14, 1949.

(38 So. (2d) 752)

**L. Arnold Pyle,** for appellants.

Butler & Snow, for appellee.

318

Hall, J.

The appellants were plaintiffs in the court below and filed their declaration against the appellee, doing business under the name of Snipes Termite Control, wherein they alleged that on July 22, 1940, appellee was engaged in the business of termite control and entered into a written contract, exhibited with the declaration, whereby he agreed to eradicate termites and beetles in property of appellants for a period of five years for a cash consideration of $119.00, and, for said consideration, to inspect the property semi-annually during said five year period, and to repeat the treatment, if necessary, and also during said period to replace without additional cost all timbers that have been damaged to such an extent that replacement is necessary.

The declaration charged a breach of the contract while the same was still in force and effect as a consequence of which the appellants, in order to protect their property from further damage by termites, engaged the services of another termite control firm to treat and repair the building at a cost of $432.40, for which amount they demanded damages from appellee.

The declaration charged that the appellee is an adult nonresident of the State of Mississippi and gave his post office address, and charged that he is still engaged in business under the same name in the City of Jackson, Mississippi, maintaining an office and place of business in charge of an employee and agent.

Process for the defendant was issued and served in strict accordance with the provisions of Chapter 246, Laws of Mississippi of 1940, embodied in the 1942 Code as Sections 1437-1441, inclusive. The appellee does not question the fact that these statutes were fully complied with, but he appeared in due course and filed a motion to dismiss the suit for want of jurisdiction, charging therein that he is a nonresident individual and not amenable to the process of the courts of Mississippi, and that

if said statutes be construed as authorizing valid service of process upon him, they are violative of Section 2 of Article IV and of Article XIV of the Constitution of the United States, and also of Section 14 of Article III of the Constitution of the State of Mississippi. The county court sustained the motion and, on appeal, the circuit court affirmed its judgment, from which action this appeal is prosecuted. Thus, the question of the constitutionality of said statutes is presented for decision.

It is shown by the record that at the time of the filing of this suit in the lower court, the appellee was a resident citizen of Shelby County, Tennessee; that on the date of said original contract, he was a resident citizen of Hinds County, Mississippi; that he subsequently removed himself to the State of Tennessee; that since the year 1938 he has been and still is engaged in the business of making contracts with people in Mississippi for termite eradication and control work to be performed in this state, duly licensed so to do under the provisions of House Bill No. 112, Chapter 171, Laws of Mississippi of 1938, Sections 5006-5011, inclusive, of the Mississippi Code of 1942, in pursuance of which business he has continuously maintained an office in Hinds County, Mississippi, in charge of a salaried employee who has authority to make contracts in appellee's name with Mississippi residents in connection with termite eradication and control work, and to perform and service the same.

Chapter 246, Laws of 1940, was enacted and approved by the Governor prior to the date of the contract in this case. It provides, in part: "Any non-resident, person, firm, partnership, general or limited, or any corporation not qualified under the constitution and laws of this state as to doing business herein, who shall do any business or perform any character of work or service in this state, shall, by the doing of such business or the performing of such work or services, be deemed to have appointed the secretary of state, or his successor, or successors in office, to be the true and lawful attorney or agent of such

nonresident, upon whom process may be served in any action, accrued or accruing from the doing of such business or the performing of such work or service, or as an incident thereto by any such non-resident, or his, their or its agent, servant or employee. The doing of such business or the engaging in any such work or service in this state shall be deemed a signification of such non-resident's agreement, and equivalent to an appointment by, such non-resident of the secretary of state of the state of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such non-resident upon whom may be served all lawful process in any action or proceeding against any such non-resident for any cause of action which has accrued or may accrue in this state.''

It further provides that two copies of any summons issued thereunder shall be served upon the Secretary of State by the sheriff of Hinds County; that such summons shall show the address of the defendant, and the Secretary of State shall preserve one copy as a record of his office and shall mail the other copy to the defendant. It further provides that the clerk who issues the summons shall immediately send by registered mail, postage prepaid, a true copy of the same to the nonresident defendant, and that an affidavit of such mailing, together with the registry receipt, shall be filed with the court as a record in the case. All these requirements were fully met in the case at bar. The statute further provides that the service of process, as above detailed, shall be of the same force and effect as if such nonresident had been personally served within the State of Mississippi. The statute further provides that the court in which the case is pending shall order such continuances as may be necessary to afford the nonresident reasonable opportunity to defend the action, and that no action shall be deemed triable until after thirty days from the date of service of process upon the Secretary of State.

The excellent briefs filed by both parties herein do not cite, nor do we find, any decision of this Court passing upon the constitutionality of the aforesaid statute for substituted service of process in Mississippi. However, there are numerous decisions from other jurisdictions upholding similar statutes.

In the early case of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, the Supreme Court of the United States held invalid a judgment from a state court based upon publication of process for a nonresident, but this decision was by that court specifically qualified to the extent of approving the type and scheme of substituted process upon nonresidents provided by the Mississippi statute, when it said: ''Neither do we mean to assert that a State may not require a non-resident entering into a partnership or association within its limits, or making contracts enforceable there, to appoint an agent or representative in the State to receive service of process and notice in legal proceedings instituted with respect to such partnership, association, or contracts, or to designate a place where such service may be made and notice given, and provide, upon their failure, to make such appointment or to designate such place that service may be made upon a public officer designated for that purpose, or in some other prescribed way, and that judgments rendered upon such service may not be binding upon the non-residents both within and without the State. As was said by the Court of Exchequer in Valee v. Dumergue, 4 Exch. 290, 'It is not contrary to natural justice that a man who has agreed to receive a particular mode of notification of legal proceedings should be bound by a judgment in which that particular mode of notification has been followed, even though he may not have actual notice of them.' See also The Lafayette Insurance Company v. French et al., 18 How. 404 [15 L. Ed. 451] and Gillespie v. Commercial Mutual Marine Insurance Company, 12 Gray, Mass., 201 [71 Am. Dec. 743].''

In the case of Hess v. Pawloski, 274 U. S. 352, 47 S. Ct. 632, 633, 71 L. Ed. 1091, the Supreme Court of the United States upheld a Massachusetts statute dealing with service of process upon a nonresident motorist in actions arising out of the use of the highways of that state (similar to the Mississippi statute on the same subject, Section 9364 of the Mississippi Code of 1942) and, in so doing, the Court said: "Motor vehicles are dangerous machines, and, even when skillfully and carefully operated, their use is attended by serious dangers to persons and property. In the public interest the state may make and enforce regulations reasonably calculated to promote care on the part of all, residents and nonresidents alike, who use its highways. The measure in question operates to require a nonresident to answer for his conduct in the state where arise causes of action alleged against him, as well as to provide for a claimant a convenient method by which he may sue to enforce his rights. Under the statute the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the nonresident may be involved. It is required that he shall actually receive and receipt for notice of the service and a copy of the process. And it contemplates such continuances as may be found necessary to give reasonable time and opportunity for defense. It makes no hostile discrimination against nonresidents, but tends to put them on the same footing as residents. Literal and precise equality in respect of this matter is not attainable; it is not required. Canadian Northern Ry. Co. v. Eggen, 252 U. S. 553, 561, 562, 40 S. Ct. 402, 64 L. Ed. 713. The state's power to regulate the use of its highways extends to their use by nonresidents as well as by residents. Hendrick v. Maryland, 235 U. S. 610, 622, 35 S. Ct. 140, 59 L. Ed. 385. And, in advance of the operation of a motor vehicle on its highway by a nonresident, the state may require him to appoint one of its officials as his agent on whom process may be served in proceedings growing out of such use. Kane v. New Jer-

sey, 242 U. S. 160, 167, 37 S. Ct. 30, 61 L. Ed. 222. That case recognizes power of the state to exclude a nonresident until the formal appointment is made. And, having the power so to exclude, the state may declare that the use of the highway by the nonresident is the equivalent of the appointment of the registrar as agent on whom process may be served.''

In the case of Henry L. Doherty & Company v. Goodman, 294 U. S. 623, 55 S. Ct. 553, 554, 79 L. Ed. 1097, suit was brought in Iowa against Henry L. Doherty, a nonresident individual doing business under the name of Henry L. Doherty & Company, and, in an action brought in connection with his business within that state as a dealer in corporate securities, process was served upon his agent in charge of 'his business in Iowa, pursuant to the provisions of the Iowa statute. That statute provides that when a nonresident defendant establishes an office or agency in Iowa for the transaction of business in that state, he thereby voluntarily appoints his agent in charge of such office or agency as one upon whom substituted service of process may be made in actions growing out of that office or agency. Doherty appeared specially and challenged the jurisdiction of the Iowa court to bring him in to defend a suit in that court by service upon his agent when he himself was a nonresident of the state and was not found within the state. The trial court held the service adequate, and the Supreme Court of Iowa affirmed this action. Upon appeal therefrom, the United States Supreme Court likewise affirmed the case and said:

''Iowa treats the business of dealing in corporate securities as exceptional, and subjects it to special regulation. Laws 1913, c. 137; Laws 1921, v. 189; Laws 1929, c. 10, approved Mar. 19, 1929. The last-cited act requires registration and written consent for service of process upon the secretary of state. See Merrick v. N. W. Halsey & Co., 242 U. S. 568, 37 S. Ct. 227, 61 L. Ed. 498. Dohert voluntarily established an office in Iowa and there carried on this business. Considering this fact,

and accepting the construction given to section 11079, we think to apply it as here proposed will not deprive him of any right guaranteed by the Federal Constitution.

"Flexner v. Farson, 248 U. S. 289, 39 S. Ct. 97, 63 L. Ed. 250, much relied upon, does not sustain appellant's position. There the service was made upon one not then agent for the defendants; here the situation is different. King was manager of the appellant's office when the sale contract was made; also when process was served upon him. Moreover, under the laws of Iowa, neither her citizens nor nonresidents could freely engage in the business of selling securities.

"The power of the states to impose terms upon nonresidents, as to activities within their borders, recently has been much discussed. Hess v. Pawloski, 274 U. S. 352, 47 S. Ct. 632, 71 L. Ed. 1091; Wuchter v. Pizzutti, 276 U. S. 13, 48 S. Ct. 259, 260, 72 L. Ed. 446, 57 A. L. R. 1230; Young v. Masci, 289 U. S. 253, 53 S. Ct. 599, 77 L. Ed. 1158, 88 A. L. R. 170. Under these opinions it is established doctrine that a state may rightly direct that nonresidents who operate automobiles on her highways shall be deemed to have appointed the secretary of state as agent to accept service of process, provided there is some 'provision making it reasonably probable that notice of the service on the secretary will be communicated to the nonresident defendant who is sued.' "

In the case of Sugg v. Hendrix, 142 F. (2d) 740, 743, the Circuit Court of Appeals for the Fifth Circuit upheld the validity of the said Chapter 246, Laws of Mississippi of 1940, in a suit against a nonresident of this state who was engaged in this state in the construction of levees and in the use on a large scale of a great deal of heavy machinery in the excavation, removing and handling of large quantities of dirt. That court reviewed the authorities hereinabove mentioned, as well as other decisions of the United States Supreme Court, and said: "We are not called on to determine the validity of the statute when applied to suits arising out of a business

which the state had no occasion, nor power, to regulate, but it seems clear that the state had the power to enact the statute in question for the safety and protection of persons receiving injury in and about the work of employers-in-absentia, particularly when the nature of the work is fraught with danger to those required to be in and about it, as alleged in the present case. . . . The thought is not shocking that one who comes into a state for the purpose of conducting his business in that state should be made amenable to the courts and laws of the state and answerable to its citizens for damages sustained by them which were the result of the business transacted in the state.''

In the case at bar, the appellee, in the conduct of his business of termite eradication and control, was subject to Chapter 171, Laws of Mississippi of 1938 (Sections 5006-5011, Mississippi Code of 1942), which specifically provides that it is enacted to prevent fraudulent practices. This statute is clearly for the protection of citizens of this state, and prohibits the rendering of such services without first obtaining a license from the State Plant Board authorizing the applicant to engage in such business, after the applicant has furnished to said board evidence of his training and experience and has passed such tests and examinations as the board may prescribe.

Since the appellee was engaged in a business which is subject to state control, and since the cause of action here sued upon accrued in this state out of the business of appellee transacted in this state, we unhesitatingly hold, in view of the foregoing authorities, that he was subject to suit here and was properly brought into court under said Chapter 246 of the Laws of Mississippi of 1940, and that, consequently, the lower court erred in sustaining appellee's motion to dismiss for want of jurisdiction.

We are not called upon to pass upon the validity of the last mentioned statute in cases where the defendant is

not subject to state regulation. That question was pretermitted in both the Doherty and Sugg cases, supra, and is likewise pretermitted by us.

██ It is argued by the appellee that since he was not a nonresident of this state at the time the original contract was made, but later removed himself to another state, and was a resident of another state when this suit was filed, he is not subject to our nonresident process statute, notwithstanding the fact that he is still engaged in the same business within this state. It would be farcical to hold that by changing his status from that of "resident" to "nonresident", the appellee can obtain an immunity from the process of the courts of this state with respect to business transacted herein, when such immunity is not available to those who have always been residents of this state nor to those who have always been nonresidents. Such a holding would be an unjust discrimination in favor of appellee. The decisions upon the due process clause of the Constitution invariably hold that residents and nonresidents should be placed as nearly as possible in the same status, and that it is only unlawful to discriminate against a nonresident. In this case there is no discrimination against the appellee. By being made to answer in the courts of this state for the consequence of his business conducted in this state pursuant to the laws and regulations pertaining to that business, he is placed in precisely the same category as residents of this state.

The judgment of the lower court is therefore reversed, and the cause remanded for a trial upon the merits.

Reversed and remanded.