## GILLENTINE v. ILLINOIS WESLEYAN UNIVERSITY.

No. 13574.

United States Court of Appeals
Fifth Circuit.

March 4, 1952.

Floyd W. Cunningham, J. A. Cunningham, Booneville, Miss., for appellant.

Ed C. Brewer and E. Cage Brewer, Jr., Clarksdale, Miss., for appellee.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This is an action, sounding in tort, for personal injuries sustained by the appellant in the erection of a cotton gin on a plantation owned by the appellee and situated in Tallahatchie County, Mississippi. The appellee is a religious, charitable, and educational corporation, located in Bloomington, Illinois, and chartered by the legislature of that state in 1853. The plantation was donated to the University many years ago. Federal jurisdiction depends solely upon diversity of citizenship. Process upon the defendant was quashed, and the action dismissed, by the court below on the ground that it was not doing business in Mississippi within the meaning of Section 5345 of the Mississippi Code of 1942, as construed by the Supreme Court of Mississippi.

In 1949, and for several years prior thereto, the University rented the plantation to Ernest Brasher for an annual rental of one-fourth of all cotton and cotton-seed produced on land planted for cotton production, and $1750 in cash for all other land. The relation between the University and Brasher was strictly that of landlord and tenant. No lease was entered into by the parties except an oral one for the rental above mentioned. In practice, minor repairs and improvements were paid for by the tenant; major items of this kind were assumed by the landlord; but neither party was under any contractual obligation with respect to either repairs or improvements. The erection of the gin above mentioned was expected to be mutually beneficial to the landlord and tenant.

There was no relation of principal and agent between the University and Brasher. The former paid for the erection of the gin building and for the installation of the machinery and equipment therein; the latter supervised the entire project, because he was to operate the gin for his own account under a written contract, and was to pay the University a dollar and a half a bale for each bale ginned thereon by him. The University never employed Brasher in any capacity, and never paid him any compensation for work done by him in connection with the erection of the gin building

or the installation of the machinery therein. What Brasher did was in furtherance of his own interest.

The gin building was erected by an independent contractor; the gin machinery and equipment were installed under the direction and superintendence of the appellant, who was sent there for that purpose by the Centennial Cotton Gin Company, and who was paid for his time at the rate of two dollars per hour by the Tallahatchie Oil Mill, the latter being reimbursed by the University. Brasher had no authority over the appellant, and nothing to do with the construction or installation, except as prospective tenant to render voluntarily whatever assistance he could to facilitate the progress of the work.

The appellee was not licensed to do business in the State of Mississippi; it had not appointed any agent for the service of process in that state; and it maintained therein no office or place of business of any kind. Being a non-profit foreign corporation, it was not required to file a copy of its charter or articles of incorporation in the office of the Secretary of State under Section 5343 of the Mississippi Code of 1942. The appellee's sole business, so far as this record shows, is operating a university in the State of Illinois. In these circumstances, furnishing the money to build a gin house on leased land, and for the installation of gin machinery therein, by the landlord does not constitute doing business in Mississippi under said section 5345.

There seems to be no case directly in point; but see the following, cited by the appellee: Sasnett v. Iowa State Traveling Men's Association, 8 Cir., 90 F.2d 514; Harleston v. West Louisiana Bank, 129 Miss. 111, 91 So. 423; Item Co., Ltd., v. Shipp, 140 Miss. 699, 711, 106 So. 437; Knower v. Baldwin, 195 Miss. 166, 15 So. 2d 47; Lee v. Memphis Pub. Co., 195 Miss. 264–278, 14 So.2d 351, 152 A.L.R. 1428. As to the citations by appellant, the brief of appellee analyzes them in substance as follows: Newell Contracting Company v. State Highway Commission, 195 Miss. 395, 15 So.2d 700, where a non-resident corporation was doing highway construction under contract with the State Highway Commis-

sion. This is a matter of the corporation doing the very work for which it was created, the very function of its corporate charter. Peterman Construction & Supply Co. v. Blumenfeld, 156 Miss. 55, 125 So. 548, involving the sale of stock subscriptions in Mississippi for a corporation later to build and operate a cannery in the state, another instance of the very function of the corporation, and one in which extended business operations were contemplated. Case v. Mills Novelty Co., 187 Miss. 673, 193 So. 625, 126 A.L.R. 1102, involved repair of ice cream dispensers in the state and the employment of a local mechanic to do the work, another case of the function of the corporation.

In Quartette Music Co. v. Haygood, 108 Miss. 755, 67 So. 211, the non-resident corporation was operating a music store in Tupelo, a function and not a mere power of the corporation. In Davis-Wood Lumber Co. v. Ladner, 1951, 210 Miss. 863, 50 So.2d 615, a non-resident corporation was carrying on the manufacturing of lumber in the state over a two-year period. C. C. Moore Construction Co. v. Hayes, 5 Cir., 119 F.2d 742, which seems to involve the question of whether a highway contractor was negligent in not putting out flares rather than whether the contractor was doing business in the state. Lafayette Insurance Co. v. French, 18 How. 404, 407, 15 L.Ed. 451, where the court held that an Indiana corporation, which had an agent in Ohio, could be sued in Ohio by service on its agent in that state.

Green v. Chicago, B. & Q. R. Co., 205 U.S. 530, 532, 27 S.Ct. 595, 51 L.Ed 916, which is a holding to the effect that the mere solicitation in Pennsylvania of freight and passenger business by an Iowa railroad does not subject the railroad to service of process in the courts of Pennsylvania. Western Gas Construction Co. v. Commonwealth of Virginia, 147 Va. 235, 136 S.E. 646, 55 A.L.R. 717, which is another case of a construction corporation performing its actual function of construction in another state, and thereby subjecting itself to that state's jurisdiction. Condon v. Snipes, 205 Miss. 306, 38 So.2d 752, which holds that a non-resident termite

control corporation, which is licensed by the State Plant Board, must qualify to do business in the state since it is doing business therein. Browning v. City of Waycross, 233 U.S. 16, 34 S.Ct. 578, 58 L.Ed. 828, involved a question of a non-resident corporation paying a municipal license for putting up lightning rods in the city, another incident of a corporation performing its corporate functions. General Railway Signal Co. v. Virginia, 246 U.S. 500, 38 S.Ct. 360, 62 L.Ed. 854, where the court held that a non-resident corporation carrying on the function for which it was organized, that of constructing railway signals, was doing business within the State of Virginia.

■ All of these cases are distinguishable from a foreign non-profit corporation that owns a farm, leases it, and permits the tenant, in special instances, to make repairs and improvements at the expense of the landlord. In this case, we find nothing to warrant the inference that the corporation is present within the state by its duly authorized agent on whom process may be served. A mere tenant is not an agent, and a landlord is not necessarily a principal. Neither is the alter ego of the other; their interests are often diverse; each may represent himself in the making of repairs and improvements, in the payment and collection of rents, and in a great many other matters. Their relationship is not necessarily of a fiduciary character though a tenant may be appointed an agent, but such appointment is not to be presumed without evidence. The authority of an agent may be limited to a single act or transaction. A financial agent may be appointed by a non-resident landlord to pay a debt or collect rents without being constituted an agent on whom process may be served. The burden is on one asserting the authority of an agent to prove it.

■ The mere presence of an agent within the state, transacting some business for a foreign corporation, is not enough to subject the latter to suit unless the agent's activities are such as to warrant the inference that the corporation itself is present and doing business within the state. Bank of America v. Whitney Cent. Nat. Bank,

261 U.S. 171, 43 S.Ct. 311, 67 L.Ed. 594; Gloeser v. Dollar S. S. Lines, 192 Minn. 376, 256 N.W. 666, 95 A.L.R. 1470. See also Green v. Chicago B. & Q. R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed 916.

The judgment appealed from is affirmed.

Affirmed.

RUSSELL, Circuit Judge (specially concurring).

My independent opinion, if uncontrolled by Mississippi law, would be that the purpose and provisions of the Mississippi Code of 1942, Sections 1437–1440 rendered the appellee subject to the jurisdiction of the Mississippi Courts in this suit which arises out of the activities of the appellee in constructing a cotton gin for public trade and the installation of machinery therein, and, consequently, that service of process upon the Secretary of the State of Mississippi as the statutory agent of the foreign corporation was sufficient without regard to whether Brasher was an agent upon whom process could be effectively served. However, my views, which are substantially stated in the dissent of two Justices in Lee v. Memphis Publishing Co., 195 Miss. 264–278, 14 So.2d 351, 152 A.L.R. 1428, were necessarily rejected by the majority opinion in that case. It may be that this holding of the majority was modified by the later decision in Davis-Wood Lumber Co. v. Ladner, 210 Miss. 863, 50 So.2d 615, 622, 623, so that now the Mississippi Court would hold that the effect of the cited statute is not dependent upon a finding of transactions sufficiently numerous to evidence "presence" of the non-residents in the state so as to subject it to suits generally, and that as to actions against non-residents accruing from the doing of "any business" or the performance of "any character of work" in the state the non-resident may be required to respond by process served upon the Secretary of State. However, while the later case intimates this trend, it does not so expressly declare and does not refer to Lee v. Memphis Publishing Co., supra. In these circumstances, I yield my doubts to the views of my colleagues upon the applicable and controlling law of Mississippi, and concur in the judgment of affirmance.