**Stephanie PARK, Plaintiff,**

v.

**CANNCO CONTRACTORS, INC., and
Illinois Central Gulf Railroad
Company, Defendants,**

v.

**F. W. BURDINE CONSTRUCTION
COMPANY, INC., Third-Party
Defendant.**

**No. GC 77–65–S.**

United States District Court,
N. D. Mississippi,
Greenville Division.

Sept. 22, 1977.

George F. Hollowell, Carlton & Hollowell, Greenville, Miss., for plaintiff.

Frank W. Hunger, Lake, Tindall, Hunger & Thackston, Greenville, Miss., for Cannco Contractors, Inc.

Roy D. Campbell, Jr., Campbell & De-Long, Greenville, Miss., for Ill. Central Gulf.

J. Robertshaw, Robertshaw & Merideth, Greenville, Miss., for F. W. Burdine Construction Co.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action has been submitted on motion by F. W. Burdine Construction Company, Inc. (Burdine), third-party defendant, to dismiss the third-party complaints of defendants Illinois Central Gulf Railroad Company (ICG) and Cannco Contractors, Inc. (Cannco).

The court has considered the motion in light of the record, the affidavits submitted, and the excellent memoranda of the parties. Oral argument has been waived.

Burdine asserts that Cannco is a foreign corporation transacting business in Mississippi without a certificate of authority having been first acquired pursuant to Miss. Code Ann. § 79–3–219 (1972), that because of its failure to procure the certificate Cannco is prohibited from asserting a third-party claim against Burdine by Miss.Code Ann. § 79–3–247 (1972).

Assuming arguendo, but without deciding, that Cannco's undertaking to perform public work in Mississippi as evidenced by its contract with the City of Greenville and Washington County, Mississippi for the furnishing of a portion of the work going into the completion of EDA Project 04–1–0063, known as the city of Greenville-Washington County, Mississippi Industrial Park Improvements, constituted transacting business in the state within the purview of the Mississippi statutes, supra, *Newell Contracting Company v. State Highway Commission*, 195 Miss. 395, 15 So.2d 700 (1943) the court is of the opinion that Cannco is not precluded from asserting the third-party complaint in the action sub judice.

Cannco has been sued herein by plaintiff. It is settled law that Cannco's failure to obtain a certificate of authority to do business in the state, does not prevent Cannco from defending the action, or from filing a counter-claim against plaintiff. *Smith v. Kincade*, 232 F.2d 306 (5th Cir. 1956).

Rule 14, Fed.R.Civ.P. provides in part, "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

This action originated in the state court and was removed here pursuant to 28 U.S.C. §§ 1441, 1446. After removal the action is governed by the Federal Rules of Civil Procedure. Fed.R.Civ.P. 81(c) provides in part "[t]hese rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal."

The Mississippi statute, § 79–3–247, upon which Burdine relies, is a penal statute and a strict construction is required. *S & A Realty Co. v. Hilburn*, 249 So.2d 379 (Miss.1971).

Applying the above and foregoing rules, the court is of the opinion that Cannco is not precluded by § 79–3–247 in asserting in the action sub judice its claim against Burdine via a third-party complaint.

Burdine also contends that the undisputed facts involved in the action will not sustain a right of recovery against it by either ICG or Cannco.

Burdine admits that it erected and undertook to maintain during the pendency of the work barricades and signs giving ample proper notice to the traveling public that the street and crossing were not open for use by the public, but asserts that no duty to do so was imposed upon it.

The court is of the opinion that this is not an action in which a summary judgment in favor of Burdine and against either ICG or Cannco should be granted. A full development of the facts in an adversary proceeding appear proper for the disposition of the action. Accordingly, an order overruling the motion will be entered.